## Paul v. Triangle Publications, Inc.

*Benjamin Paul*, for plaintiff.

*Harold E. Kohn* and *David H. Marion*, for defendant.

REIMEL, P. J., December 2, 1968. — The court granted a rehearing on defendant's motion for summary judgment. After listening to the arguments of both parties and reviewing the pleadings and the affidavits submitted by defendant, this court reconsidered its previous action and grants defendant's motion.

This decision is based solely on the fact that the alleged libel was based on information contained in a petition filed in the office of the clerk of quarter sessions. This fact is clearly established by the affidavit of Louis J. Amarando, clerk of quarter sessions, to the effect that such a petition was on file in his office at the time of the alleged libel. Furthermore, the affidavit of Jeremy Rieder, an Inquirer reporter, that he went to the office of the clerk of quarter sessions and there examined the petition that was at that time on file. These facts would give defendant a complete privilege to republish what was contained in the petition.

The petition for post conviction hearing filed on behalf of Mr. Vivian by his New York attorney created a privilege which was not defeated by the fact that the petition was later returned to Mr. Vivian's New York attorney to secure the endorsement of a local attorney. While the petition was on file, it was examined by a reporter of the Philadelphia Inquirer, who is entitled to believe that a petition filed and exhibited by the clerk of quarter sessions was properly filed when he examined it. A reporter is not held to knowledge of technicalities of the law that would require endorsement of local counsel.

In view of this court's opinion that the subject matter of the alleged libel was completely privileged, it is not necessary to consider defendant's argument that plaintiff is a public official or public figure within the meaning of the cases that follow: New York Times Co. v. Sullivan, 376 U.S. 254. Moreover, defendant's additional argument that Rule 1035 of the Pennsylvania Rules of Civil Procedure would require plaintiff to file opposing affidavits need not be considered. The court, therefore, enters the following:

## ORDER

And now, to wit, December 2, 1968, the court having granted a rehearing on defendant's motion for

judgment on the pleadings, vacates the order heretofore entered in dismissing the motion and now upon reconsideration enters an order granting defendant's motion for judgment on the pleadings in this case.